*969 OPINION.
Trtjssell :
The amounts of certain expenditures by the petitioner and the year in which incurred or paid are not in dispute. The petitioner contends that the expenditures represent either the cost of. (1) advertising or (2) additional compensation, borne by the petitioner, for personal services in securing subscribers to the capital stock of another corporation and that, in either event, they are ordinary and necessary expenses of the business of the petitioner deductible by specific provision of the statute.
So far as pertinent to the issue, the Revenue Acts of 1924 and 1926 provide in like numbered section 234 (a) (1) for the deduction of “All the ordinary and necessary expenses * * * including a reasonable allowance for salaries or other compensation for personal services actually rendered * * But it does not follow that all expenditures for personal services are deductible. A determining factor is the purpose of any expenditure. It has been held that organization expenditures are not deductible; Southeastern Express Co., 19 B. T. A. 490; neither are attorney fees in reorganization, Udolpho Wolfe Co., 15 B. T. A. 485; or in refinancing, Blumberg Brothers Co., 12 B. T. A. 1021 (and cases therein cited); or in a merger, First National Bank of St. Louis, 3 B. T. A. 807; or to secure the management of a corporation, Dwight W. Williamson, 17 B. T. A. 1112, citing Laemmle v. Eisner, 275 Fed. 504; or for the benefit of an improved credit rating, A. Harris & Co., 16 B. T. A. 705.
In the instant case we think the facts show clearly that the expenditures under consideration were not advances to the associated company, nor were they arbitrary payments of the expenses of another without consideration. The purpose of the expenditures was the securing from outside sources of much desired capital for the Title & Trust Co. It is probable that some amount of good will was derived by the petitioner as incidental to the activities in interesting prospective subscribers in that the operations of the petitioner were broadcast in a favorable light. It is certain that the use of the capital thus secured for the associated company resulted in great advantage and benefit to the petitioner.
We have repeatedly held that the cost of benefits which are enjoyable over ' a definitely determinable period of years should be capitalized and deducted from income, for income tax purposes, upon a pro rata time basis. S. & L. Building Corporation, 19 B. T. A. 788; Horn & Hardart Baking Co., 19 B. T. A. 704; News Leader Co., 18 B. T. A. 1212; Pennsylvania Salt Manufacturing Co., 18 B. T. A. 1148. If the benefits in the instant case were contractually or economically limited to some definite term we might see our way *970 clear to the allowance of pro rata deductions of the aggregate cost, but we are here confronted with the lack of any element of definition, indeed, the circumstances of organization, control, and operation were such that the benefits are plainly not limited in point of time. There is no evidence to show that the good will which was acquired ceased to remain of value to the petitioner and the benefit of the use of the acquired capital will apparently remain unimpaired over an indeterminate period no less in duration than the existence and continued operations of the associated company. Under this fact situation there is no provision, under section 234 of the Revenue Acts of 1924 and 1926, for the allowance of deductions to the petitioner of capital expenditures, either as “ordinary and necessary expense” or in the form of amortization allowances to be written off against the annual income. The claimed deductions may not be allowed.

Judgment will be entered pursuant to Rule 50.